SUMMARY ORDER

Petitioner Duan Sheng Zhu, a native and citizen of the People’s Republic of China, seeks review of a January 10, 2008 order of the BIA denying his motion to reopen. In re Duan Sheng Zhu, No. A077 323 086 (B.I.A. Jan. 10, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Zhu’s untimely motion to reopen.
Zhu argues that the BIA erred in concluding that he failed to demonstrate either material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his prima facie eligibility for relief. However, these arguments fail where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Zhu further argues that the BIA abused its discretion when it found that his failure to authenticate the purported Village Committee notice diminished the weight of that document. While Zhu correctly asserts that the agency errs when it rejects a document solely based on an individual’s failure to authenticate pursu *54 ant to 8 C.F.R. § 287.6; see Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 403 (2d Cir.2005), we find no abuse of discretion here, where the BIA gave diminished weight to the notice because it was an unsigned photocopy and Zhu failed to establish its chain of custody. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the agency).
Further, we reject Zhu’s argument that the BIA abuses its discretion when it declines to consider evidence that is not in the record merely because it was in the record of a different case. It was Zhu’s burden to present evidence to support his motion. See 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Nor will this Court remand for the agency to consider extra-record evidence. Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269-70 (2d Cir.2007); see also id. at 262 (noting that the “regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence”). Zhu filed his motion to reopen in October 2007, after this Court decided Shou Yung Guo, but he did not submit the so-called Guo documents with his motion to reopen. Accordingly, we cannot conclude that the BIA abused its discretion in declining to consider the Guo documents. See id. at 262.
Finally, Zhu’s argument that he was eligible to file a successive asylum application based on changed personal circumstances is foreclosed by our decision in Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-59 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).